**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00129-FDW**

| | |
|---|---|
| JANNA BROWN, )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>ACTING COMMISIONER OF SOCIAL )<br>SECURITY, )<br>)<br>    **Defendants.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Janna Brown's Motion for Summary Judgment (Doc. No. 9), and Defendant Acting Commissioner of Social Security Carolyn Colvin's Motion for Summary Judgment (Doc. No. 12). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her late husband's application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reason set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Administrative Law Judge's ("ALJ's") decision is AFFIRMED.

**I.    BACKGROUND**

On September 14, 2011, the now deceased Claimant, Michael Brown, filed applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income alleging disability since June 11, 2010. (Doc. 8-3, p. 11). Claimant's application was initially denied on January 6, 2012, and upon reconsideration on March 29, 2012. (Doc. 8-3, p. 11). On April 5,

2012, Claimant filed a written request for hearing. (Doc. 8-3, p. 11). A hearing was held on September 26, 2012, at which time the Claimant appeared and testified, along with an impartial vocational expert. (Doc. 8-3, p. 11). On January 28, 2013, the ALJ decided Claimant was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (Doc. 8-3, p. 25).

Claimant filed a request of review of the ALJ's decision, which was denied by the Appeals Council on March 25, 2014. (Doc. 10, p. 2). On April 22, 2014, Claimant died, and his wife, Janna Brown, Plaintiff in this case, was substituted as party to this action. (Doc. 10, p. 2). Plaintiff filed this civil action, seeking a review of the Commissioner's decisions. (Doc. 10, p. 2).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the Commissioner's final decision to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Thus, this Court "'must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)).

The Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit defined "substantial evidence" as: "'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that a reviewing court does not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision, the decision should be affirmed. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act between June 11, 2010, and the date of the decision.[1] Plaintiff bears the burden of proof to establish he was disabled within the meaning of

---

[1] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

the Social Security Act in order to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one is to determine whether the claimant is engaged in substantial gainful activity; if claimant is engaged in substantial gainful activity, they will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i). Step two determines whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, if the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(iii). Step four determines whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). Step five considers whether the claimant is able to make an adjustment to other work, considering claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v).

On January 28, 2013, the ALJ found Claimant had not been under a disability within the meaning of the Social Security Act from June 11, 2010, through the date of the decision. (Doc. 8-3, p. 25). In applying the five step process, the ALJ found at step one that Claimant had not engaged in substantial gainful activity. The ALJ reached this conclusion even though Claimant worked after the alleged disability because, according to the ALJ, this work did not rise to the level of "substantial gainful activity." (Doc. 8-3, p. 13). At step two, the ALJ found Claimant to

---

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

have the "following severe impairments: status-post traumatic brain injury 2003; status-post broken neck and cervical fusion at C2-C3 with chronic neck pain; status-post left arm fracture; migraine headaches; corneal abrasions bilaterally with decreased visual acuity; asthma; memory dysfunction and generalized anxiety disorder (20 CFR 404.1520(c) and 416.920(c))." (Doc. 8-3, p. 14). At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. (Doc. 8-3, p. 14). Claimant was found to have the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). (Doc. 8-3, p. 16). At step four, Claimant was found to not be able to perform past relevant work. (Doc. 8-3, p. 23). In regards to step five, the vocational expert testified, "given all of these factors[,] the individual would be able to perform the requirements of representative occupations such as car wash attendant. There are approximately 1200 such jobs in North Carolina and approximately 46,000 national economies." (Doc. 8-3, p. 24). Based on the vocational expert's testimony at step five the ALJ found that considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could perform. (Doc. 8-3, pp. 24-25).

On appeal, Plaintiff makes the following assignment of error: that the ALJ did not satisfy his burden of demonstrating there were a significant number of jobs in the economy that Claimant could have performed with his RFC. (Doc. 10, p. 1).

### A. SIGNIFICANT NUMBER OF JOBS IN THE ECONOMY

Plaintiff argues the ALJ improperly relied on the vocational expert's testimony at step five in regards to the car wash attendant job. (Doc. 10, p. 6). Plaintiff argues that the vocational

5

expert incorrectly stated the dictionary of occupational titles ("DOT") and did not reference any need to talk with customers. Plaintiff argues that when a conflict exists between the occupational evidence provided by the vocational expert and the information in the DOT, the ALJ must explain in his decision how the conflict was resolved. (Doc. 10, p. 6). Plaintiff argues that the DOT description of the automatic carwash attendant job demonstrates that an individual who is limited to no public interaction (as the ALJ limited Mr. Brown) is not capable of performing this job.

The vocational expert testified, "the DOT doesn't list here that there is, you know, any talking or hearing, you know, required in this job." (Doc. 8-3, p. 57). The vocational expert went on to say the DOT "doesn't have the public interaction as part of, a necessary part of that job." (Doc. 8-3, p. 57). The vocational expert relied on the DOT in testifying that under the DOT there is no need for talking or hearing required for the job of car wash attendant. (Doc. 8-3, p. 57). Claimant's attorney told the vocational expert to set aside the DOT and to consider the vocational expert's experience, then asked whether there would be public interaction in a job as car wash attendant. (Doc. 8-3, p. 58). The vocational expert classified the public interaction as very minimal, giving examples of directing someone forward. (Doc. 8-3, p. 58). The ALJ deferred to the testimony of the vocational expert that Claimant would have been able to perform the requirements of representative occupations. (Doc. 8-3, p. 24). "The ALJ is not required or expected to know what jobs may be performed with particular limitation; rather, the ALJ may utilize the services of a VE to resolve such questions. 20 C.F.R. § 404.1566(e)." Shaw v. Colvin, 2014 WL 6680412, at 7 (W.D.N.C. Nov. 24, 2014); see Hargis v. Sullivan, 945 F.2d 1482 (10th Cir. 1991); see also Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002).

The ALJ stated, "[p]ursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Doc. 8-3, pp. 24-25). The ALJ relied on the vocational expert's testimony that Claimant would be able to perform unskilled light occupational work, specifically in a representative occupation such as car wash attendant. (Doc. 8-3, p. 24). Based on the vocational expert testimony as well as considering Claimant's age, education, work experience, and RFC, the ALJ determined there were a significant number of jobs existing in the national economy for Claimant. (Doc. 8-3, pp. 24-25).

After review of the ALJ's decision, the Court finds that there is substantial evidence to support the ALJ's finding that there were a significant number of jobs existing in the national economy for Claimant. Therefore, Plaintiff's contention that the ALJ did not satisfy his burden that there were a significant number of jobs existing in the national economy has no merit, and the request to remand the matter for a new hearing is not appropriate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED; Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED; and the Commissioner's decision is AFFIRMED. The Clerk's Office is directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: February 9, 2015

Frank D. Whitney
Chief United States District Judge